UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


MARK ROWE,

        Plaintiff,                                    Case No. 05-40358

vs.

                                               HONORABLE PAUL V. GADOLA
                                               HONORABLE STEVEN D. PEPE

NORFOLK SOUTHERN RAILWAY COMPANY,

        Defendant.
_____/


**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S EMERGENCY MOTION TO STRIKE DEFENDANT'S SUPPLEMENTAL WITNESS LIST (DKT #27), DENYING PLAINTIFF'S EMERGENCY MOTION FOR SANCTIONS (DKT. #29), DENYING DEFENDANT'S EMERGENCY MOTION TO QUASH PLAINTIFF'S DEPOSITION OF DAVID LAFORGE (DKT. #38),
AND
DENYING DEFENDANT'S EMERGENCY MOTION TO QUASH PLAINTIFF'S CONTINUED DEPOSITION OF JEROME CIULLO, M.D. SCHEDULED FOR <u>APRIL 6, 2007 (DKT #40)</u>**

      The parties have filed several cross "emergency" motions, which were heard by the Court in a telephonic hearing on April 18, 2007 (Dkt. #27, #29, #38, & #40). All motions were referred for hearing and determination pursuant to 28 U.S.C. § 636 (b)(1)(A) (Dkt. #28, #30, #39, & #41). For reasons stated on the record and indicated below **IT IS ORDERED THAT**:

      1.     Plaintiff's Emergency Motion to Strike Defendant's Supplemental Witness List is **GRANTED IN PART AND DENIED IN PART** (Dkt. #27). Ms. Wendy Vandendriessche and Mr. William Tistka may testify at trial. If they are unavailable and defense counsel lays the proper

foundation, defense counsel may introduce their deposition testimony at trial.

   2.   Plaintiff's counsel indicated that there is currently no objection to Ms. Debbie Joyce Wahl, Ms. Sally Jean Rowe, and Mr. David Wartinger testifying.

   3.   Defense counsel has failed to provide any evidence that Mr. William H. Versluys and Mr. Jeff Wahl will provide relevant testimony at trial. Accordingly, these individuals are stricken from Defendant's witness list and are prohibited, absent further Court order, from testifying at trial.

   4.   Plaintiff shall provide defense counsel with signed authorizations for the release of complete records from both Gold's Gym and the YMCA to ascertain the full nature and extent of Plaintiff's work out sessions at the above two facilities. This requirement is not a determination on the admissibility of these records at trial.

   5.   Defendant has identified Mr. Aaron Wright, a private investigator employed by a company retained by defendant to conduct investigative services relating to activities of Mark Rowe, as a potential witness to provide, if necessary, rebuttal testimony dependent upon Plaintiff's testimony at trial regarding his ability to engage in various activities. The parties have agreed to provide supplemental briefs on whether the evidence, including video surveillance tapes, Mr. Wright has acquired in his investigation must be turned over to Plaintiff's counsel prior to trial. On or before May 2, 2007, Plaintiff shall file his supplemental brief on this issue. Defendant shall have seven (7) days from the date of Plaintiff's filing to submit its response.

   6.   Pursuant to the discussion on the record, at this time, the Court will not make a ruling on the inclusion of Dr. Taj Majid, M.D. (Expert - Physical Medicine/Orthopedics) on Defendant's witness list. Defense counsel is seeking additional documents from Dr. Majid that

may be authenticated and admissible without the need to call Dr. Majid as a witness.

   7.  Mr. Danny Poteet, Defendant's designated expert on "Electrical/locomotive Battery Operation"and Gareth Digby, Ph.D., C. Eng. F.I.E.T., Defendant's "Electrical Engineering" expert from Packer Engineering were added to a supplemental witness list filed February 23, 2007.  From a discussion on the record and a review of the parties' briefs, including the Plaintiff's reply brief and the Defendant's sur-reply brief, each of these witnesses would provide testimony relevant to material issues involved in this case regarding (1) the voltage of the electrical source that caused the arcing and injury to Plaintiff and (2) whether Plaintiff's injuries were caused by burning and/or an "electrocution." Plaintiff has moved to strike Danny Poteet, and Dr. Digby because of late notice on February 22, 2007.  Plaintiff contends these witnesses are not related to new medical claims for which the discovery period was extended to February 26, 2007.  Yet, that discovery extension was not limited to any particular topic (Dkt. #18).  Plaintiff notes this Court's standing order states that witnesses are to be disclosed well in advance of discovery cut-off, which usually means six weeks prior to that date.  Finally, Plaintiff argues that these two witnesses introduce a new defense theory that was not in Defendant's initial Rule 26(a)(1) disclosures or indicated in the initial witness lists exchanged on June 30, 2006.

 Plaintiff has the burden of establishing the cause of his injury and whether it was from a burning related to the electrical arcing that occurred on August 2, 2005, or an electrocution of sorts.  Plaintiff's counsel indicates that EMS, Emergency Room, and treating neurologist medical records provided by Defendant as part of their Rule 23(a)(1) disclosures indicate "an electrocution," "electrical burns to hands, 600-800 volts," "Patient electrocuted while connecting

battery cables," " electrical burns up to 800 volts," and "high voltage electrical injury."  In addition investigative reports indicate a "Contact Electricity" accident and "Shock Electricity" injury.  Later, Defendant's investigator, Erwin Allen, responded in the affirmative to a deposition question as to whether he believed "when [Plaintiff] was electrocuted that these uninsulated jumper cables came together?"  At the deposition of James Switzer (Defendant's Senior General Foreman Mechanical Department who also investigated the case) Mr. Switzer acknowledged he would have removed any uninsulated jumper cables had he been aware of them because of the danger they presented "of being shocked."  He responded in the affirmative to a deposition question that asserted that this included "the danger of an electrocution like what happened to [Plaintiff]?"

    Defense counsel took the deposition of the Plaintiff's neurologist on January 17, 2007, which witness opined the injuries were caused by electrocution. Yet, the neurological expert acknowledged the limited investigation or basis on which he could determine the voltage or amperage involved other than from Plaintiff and possibly the EMS and emergency room records – the source of which was unclear.

    The next day, Plaintiff's counsel sought, through an interrogatory and a Rule 30(b)(6) deposition request, information on the nature and extent of the electrical charge produced by a locomotive battery involved in the accident.  When Plaintiff's counsel took the 30(b)(6) deposition of Danny Poteet of Defendant's mechanical department, he testified that the battery generated a maximum of 74 volts, and Plaintiff's injury was a burn caused by the heat generated from the arcing, not an electrical burn, and the maximum amount of voltage Plaintiff could have been exposed to (through his work gloves) was no more than 7 volts.

At the hearing, the undersigned was concerned whether Defendant's counsel had intentionally lulled Plaintiff's counsel into believing it was conceding the reliability of the high voltage amounts indicated in the medical records and the electrocution statements in those and the neurologist's records.  The investigative reports prepared by Defendant make no statement of electrocution and both indicate that Plaintiff's burns to his hand were caused by an electrical arc when the two cable clamps came together.  There is no evidence that defense counsel misrepresented his position or intentionally lulled Plaintiff's counsel into a belief that the voltage or whether the injury was from an electrocution or other cause were not issues requiring proof at trial.

The original February 16, 2006, Scheduling Order required that  "The parties preliminary list of all witnesses, lay and expert, shall be filed by June 30, 2006" (Dkt. #7).  Defendants preliminary witness list included "Mr. Johannes Laun, P.E. (Expert-Electrical Engineering) Packer Engineering, Napperville, Illinois" and also "Representatives of and Custodian of Records of Norfolk Southern Locomotive  Mechanical Department."  Plaintiff filed extensive supplemental witness lists on November 9 and December 21, 2006 (Dkt. #16 & #17). Defendant's more tardy February 23, 2007, supplemental witness list included Danny Poteet of Defendant's mechanical department.  This was after the January 17 deposition of the Plaintiff's neurologist where the significance of voltage or amount of energy, and reliability of that information came into full visibility.  Mr. Poteet was deposed by Plaintiff's counsel on March 2, 2007.  Dr. Digby is a substitution witness for a Johannes Laun who was on Defendant's initial witness list of June 30, 2006.  Plaintiff had not undertaken any discovery regarding Mr. Laun in the eight months between the June 30, 2006, date he was identified and the date Defendant's

gave notice of a substitute witness from Packer Engineering on February 23, 2007.

While Plaintiff's counsel may face prejudice to his case because of a lack of proof on the voltage or other measure of electricity involved in the injury, it cannot be said this prejudice was caused by any deceitful efforts of defense counsel. Defendant's investigators from Defendant's Mechanical operations, Erwin Allen and J. Switzer, at their depositions responded affirmatively to questions involving the terms "electrocuted" and "electrocution" to which defense counsel could have objected to the form of the question as "assuming facts not in evidence." This testimony is not "hearsay" and is available as a Party Admission under Fed. R. Evid. 801(d)(2). Yet, it is not a binding legal admission of fact and Defendant can introduce evidence inconsistent with it at trial. It is such evidence that Mr. Poteet and Dr. Gareth Digby apparently will provide. While Plaintiff suffered burns to his hands caused by the electrical arcing that Defendant is not contesting occurred, whether Plaintiff was "electrocuted" which could explain his more serious impairments alleged, is a disputed question of fact in this case. Any prejudice to Plaintiff from his counsel not anticipating the need to prove the amount of electrical power at the source of the arcing, and whether it was sufficient to have electrocuted Plaintiff can be remedied by providing Plaintiff's counsel additional time to supplement his discovery with respect to Defendant's witnesses identified February 23 and his own witnesses.

While the scheduling order notes this Court will not allow discovery after the close of discovery absent "extraordinary circumstances" Plaintiff's counsel would have had additional time to avoid prejudice had Defendant's initial witness list of June 30, 2006, specified Mr. Poteet by name so he could have been deposed along with Erwin Allen and J. Switzer, from Defendant's mechanical operations. Defense counsel, in a desire not to have Mr. Poteet or Dr.

Digby stricken from his tardy supplemental witness list, has no opposition to continuing discovery on this limited issue on the amount of electricity involved and its consequences. It is determined that this is in the interest of justice and this situation presents sufficient cause to extend discovery for a limited period on this narrow issue only. The parties shall meet and confer and present to the Court a discovery plan that takes into account any additional discovery that may be required by the inclusion of these witnesses.

      8.     All issues related to Plaintiff's Emergency Motion for Sanctions have been resolved. Accordingly, Plaintiff's Emergency Motion for Sanction is **DENIED** (Dkt. #29).

      9.     Defendant's Emergency Motion to Quash Plaintiff's Deposition of David LaForge is **DENIED** (Dkt. #38). Plaintiff's counsel may reschedule the deposition of Mr. LaForge by phone or in person at no cost to Plaintiff, but in a manner that is reasonably calculated to minimize costs to all parties.

      10.    Defendant's Emergency Motion to Quash Plaintiff's Continued Deposition of Jerome Ciullo, M.D. (Dkt. #40) scheduled for April 6, 2007 is **DENIED** conditioned on Plaintiff's counsel rescheduling the deposition of Dr. Ciullo for completion of defense cross-examination and limited redirect at a time agreeable to all parties.

      The parties to this action may object to and seek review of this Order, but are required to file any objections within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2).

**SO ORDERED.**

Date: April 19, 2007　　　　　　　　　　　　s/Steven D. Pepe  
Flint, Michigan　　　　　　　　　　　　　　United States Magistrate Judge

CERTIFICATE OF SERVICE

      I hereby certify that on <u>April 19,2007,</u> I electronically filed the foregoing paper with the Clerk Court using the ECF system which will send electronic notification to the following: <u>Eric D. Holland, Steven J. Stolze, Steven F. Spender, Joseph J. McDonnell, Gregory A. Clifton</u>, and I hereby certify that I have mailed United States Postal Service the paper to the following non-ECF participants: <u>not applicable</u>

                                                   <u>s/ James P. Peltier</u>
                                                   James P. Peltier
                                                   Courtroom Deputy Clerk
                                                 U.S. District Court
                                                 600 Church St.
                                                 Flint, MI 48502
                                                 810-341-7850
                                                 pete_peliter@mied.uscourts.gov